THE CINCINNATI TRACTION COMPANY v. JOHN ROOM,
ADMINISTRATOR.*

While is is the duty of a jury, sitting in a case brought for dam-
ages for wrongful death, to consider the pecuniary injury to each
beneficiary, the verdict should be for a gross sum, to be sub-
sequently apportioned among the beneficiaries in such a manner
as is fair and equitable; and a refusal by the trial court to
give special charges, necessitating a finding by the jury propor-
tioning the amount to᾽ be recovered among those for whose
benefit the action was brought, is not error.

FERRIS, J.; HOFFHEIMER and CALDWELL, JJ., concur.

This was an action brought by the administrator to re-
cover damages resulting from wrongful death, under Sec-
tion 6134 of the Revised Statutes; and contention is made
that there is error in the refusal of the court to give certain
special charges necessitating a finding by the jury propor-
tioning the amount to be recovered among those for whose
benefit such action was brought.

The statute, 6135, provides—

"That every such action shall be for the exclusive benefit
of the wife or husband and children, or, if there be neither
of them, then for the parents and next of kin of the person
whose death has been _caused, * * * and in every
action the jury may give such damages * * * as they
may think proportioned to the pecuniary injury resulting
from such death to the persons, respectively, for whose
benefits such action shall be brought."

Contention is made that the trial court should have in-
structed the jury, that as the evidence showed that two sons
and a married daughter, adults, were able to earn their own
subsistence, they were not entitled to be considered bene-
ficiaries, and such conclusion was fairly inferable from a
clause in this same act giving the court the power to make a
fair and equitable distribution of the assets, having refer-

(* Affirming the charge of the trial judge Hosea.)

ence to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates.

The objection to the contention that the jury making the award could take into consideration the age and conditions of the beneficiaries, is answered by the provisions of 6135, wherein it is provided that the "amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment." The probate court, therefore, is, by the statute, vested with plenary power to determine all questions of distribution of the fund, the amount of which only was to be determined by the jury to whom the charge was given.

In the case of *Wolf, Administrator,* v. *The L. E. & W. Railroad Company,* 55 O. St., 517, it was held that an administrator is a mere nominal party having no interest in the case for himself or the estate he represents, and such actions are for the exclusive benefit of the beneficiary in said sections named (referring to Sections 6134 and 6135, R. S. O.). And the Wolf case determines, in our judgment, that, while it was the duty of the jury *to consider* the pecuniary injury to each separate beneficiary, the verdict should be, as it was, for a gross sum of money, to be subsequently apportioned among the beneficiaries in such manner as should be fair and equitable; and there is nothing in the record to indicate that such a course was not followed.

We find no error in the position taken by the court in this or any other grounds alleged for error. And we, therefore, affirm the judgment.

*Paxton & Warrington,* for plaintiff in error.

*Galvin & Galvin* and *W. A. Geohegan,* for defendant in error.